UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LUCIEN LUKE BARTHOLOMEW | CIVIL ACTION |
| VERSUS | NO. 21-1695 |
| LAFOURCHE PARISH, ET AL. | SECTION "R" (2) |

## FINDINGS AND RECOMMENDATION

Plaintiff Lucien Luke Bartholomew was a pretrial detainee housed in the Lafourche Parish Correctional Complex ("LPCC") when he filed this *pro se* and *in forma pauperis* prisoner civil rights suit under 42 U.S.C. § 1983. ECF No. 1, ¶III(A), at 3. Bartholomew sued defendants Lafourche Parish and CorrectHealth Lafourche, LLC ("CorrectHealth") challenging his medical care in the jail and the conditions of a medical holding cell. *Id.*, ¶III(B), (C), at 4; ECF No. 15, at 1 (Amended Complaint).

On this date, the Court attempted, for a third time, to conduct a telephone conference in this matter to allow Bartholomew to engage in a hearing according to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), *overruled on other grounds by Neitzke v. Williams*, 490 U.S. 319 (1989), and its progeny. The first hearing was scheduled for January 31, 2022, at 10:00 am. ECF No. 21. That hearing had to be re-scheduled when Bartholomew was released from LPCC without updating his address with the Court. ECF No. 22. The hearing was then re-scheduled for March 18, 2022, at 2:00 pm. ECF No. 22. Bartholomew failed to appear at that conference. After waiting until 2:15 pm, the Court terminated conference. ECF No. 24.

Bartholomew later telephoned the undersigned's Chambers to advise that his phone was not working and asked that the March 18th conference that he missed be re-scheduled. The Court re-scheduled the conference for today, March 31, 2022 at 2:00 pm. ECF No. 25. Notice of this

re-scheduled conference was sent to Bartholomew at his mailing address, the prison address, and his provided email address.  *Id*.  The envelopes and email have not been returned as undelivered. Bartholomew again failed to join the scheduled conference.  After waiting thirty (30) minutes for Bartholomew to make an appearance, the Court concluded the hearing.

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may in its discretion dismiss any action based on the failure of a plaintiff to prosecute or comply with any order of the court.[1]  In applying the sanction of dismissal, courts have traditionally considered the extent to which the plaintiff, rather than his counsel, is responsible for the delay or failure to comply with the court's order.[2]  Because plaintiff is proceeding *pro se*, it is apparent that this court must weigh his actions alone in considering dismissal of this action under Rule 41(b).  A *pro se* litigant is not exempt from compliance with relevant rules of procedural and substantive law.[3]  A *pro se* litigant who fails to comply with procedural rules has the burden of establishing excusable neglect, which is a strict standard requiring proof of more than mere ignorance.[4]

In addition, all litigants are obligated to keep the court advised of any address change.  *See* EDLA Local Rules 11.1 and 41.3.1.  "[T]he failure of a pro se litigant to notify the district court of an address change may be considered by the district court as an additional cause for dismissal for failure to prosecute."[5]

---

[1] *Hulsey v. State of Texas*, 929 F. 2d 168, 171 (5th Cir. 1991); *McCullough v. Lynaugh*, 835 F. 2d 1126, 1127 (5th Cir. 1988); *Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F. 2d 744, 749 (5th Cir. 1987).
[2] *Markwell v. County of Bexar*, 878 F. 2d 899, 902 (5th Cir. 1989); *Price v. McGlathery*, 792 F. 2d 472, 474–75 (5th Cir. 1986).
[3] *Birl v. Estelle*, 660 F. 2d 592, 593 (5th Cir. 1981); *Edwards v. Harris County Sheriff's Office*, 864 F. Supp. 633, 637 (S.D. Tex. 1994).
[4] *Kersh v. Derozier*, 851 F. 2d 1509, 1512 (5th Cir. 1988); *Birl*, 660 F. 2d at 593.
[5] *Lewis v. Hardy*, 248 F. App'x 589, 2007 WL 2809969, at *4 n.1 (5th Cir. 2007).

Bartholomew has for the third time failed to appear for a scheduled conference with the Court and has not notified the Court of a new address, other than those already provided. Bartholomew's failure to comply with the court's orders to appear for the scheduled conferences has created delay in the court's ability to efficiently manage the case. This delay is caused by and attributable to Bartholomew, justifying dismissal of his Complaint.[6]

In a final effort to provide Bartholomew with an opportunity to show cause why his Complaint should not be dismissed, I am issuing these Findings and Recommendation to the presiding United States District Judge. Bartholomew is advised that he may object to these Findings and Recommendation within fourteen (14) days from the date of service of this report. It is suggested to Bartholomew that any objection should contain a short summary of the reasons why he failed for a third time to comply with the court's previous orders and appear for the scheduled conference on March 31, 2022, at 2:00 pm. Bartholomew is further advised that any objection should be in writing and filed with the Clerk of the United States District Court, Eastern District of Louisiana, 500 Poydras Street, New Orleans, Louisiana 70130, on a written document containing the caption of this lawsuit.

Bartholomew is advised that failure to file written objections to the Magistrate Judge's Findings and Recommendation may, and probably will, result in dismissal of his Complaint. A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from

---

[6] *See Torns v. State of Miss. Dept. of Corrections*, 262 F. App'x 638, 639 (5th Cir. 2008); *Raborn v. Inpatient Management Partners, Inc.*, 278 F. App'x 402, 404-05 (5th Cir. 2008).

attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.[7]

### RECOMMENDATION

It is **RECOMMENDED** that plaintiff Lucien Luke Bartholomew's 42 U.S.C. § 1983 Complaint be **DISMISSED WITHOUT PREJUDICE** for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).

New Orleans, Louisiana this 31st day of March, 2022.

_____
DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

**CLERK TO NOTIFY PLAINTIFF AT HIS ADDRESS OF RECORD AND THE FOLLOWING:**

Lucien Bartholomew
1748 La. 311
Lot 8, Camper 808
Schriever, LA 70359

---

[7] *Douglass v. United Servs. Auto. Ass'n*, 79 F. 3d 1415, 1430 (5th Cir. 1996) (*en banc*) (citing 28 U.S.C. § 636(b)(1)). *Douglass* referred to the previously applicable ten-day period for filing of objections, which was extended to fourteen days by amendment effective December 1, 2009, 28 U.S.C. § 636(b)(1).